# �export Richmond.

CALLAHAN v. YOUNG, CLERK.

MARCH 8th, 1894.

1. CONDITIONAL SALES—*Void unless recorded.*—A conditional sale of goods reserving title to seller is void as to creditors of, and purchasers from, purchaser without notice, unless recorded. Code, § 2462.

2. IDEM—*When to be recorded.*—Clerk is required to admit to record a writing as to any person whose name is signed thereto, when same has been acknowledged by him, or proved as to him by two witnesses in court or before clerk in his office. Code, § 2500.

3. IDEM—*Memorandum.*—Acts 1889–'90, p. 108, amending Code, § 2462, provides that clerk shall from the original contract, docket and index a memorandum setting forth the date thereof, the amount due therein and a brief description of the goods, and that such docketing and indexing shall have the same effect as if the contract were recorded according to Code 1887, chapter 109.

4. MANDAMUS—*Case at bar.*—In the case here, *held*, a *mandamus* will not be awarded to compel the clerk to docket and index such memorandum unless the original contract has been produced before him and proved or acknowledged as prescribed by law.

Error to judgment of corporation court of Norfolk, rendered April 19, 1893, in a *mandamus* proceeding, wherein Robert Callahan was petitioner and W. A. Young, clerk of said court, was defendant. The court refused the writ, and dismissed the petition, by the judgment complained of. Opinion states the case.

*Meredith & Cocke* and *Smith & Moncure*, for plaintiff in error.

No counsel for defendant in error.

LEWIS, P., delivered the opinion of the court.

The appellant filed his petition in the court below for a *mandamus*, which was refused. The petition states that on the 17th of April, 1893, the petitioner sold and delivered to one Thompson, in the city of Norfolk, a cash register, upon certain terms and conditions, evidenced by a contract in writing executed by the parties. A copy of the contract is exhibited with the petition from which it appears that the terms of the sale were $200, of which fifty dollars were to be paid on delivery of the register, and twenty-five dollars per month thereafter until the whole purchase money should be paid, the title in the mean time to remain in the vendor. It is also alleged that upon application to the defendant, clerk of the corporation court of Norfolk, to docket a memorandum of the contract, the application was refused, on the ground that the contract had not been acknowledged or proved, as required by section 2500 of the Code. And upon this ground, which was also set up as a defence in the answer, the court below refused to award a *mandamus* to compel the clerk to docket a memorandum of the contract, as prayed in the petition.

Section 2462 of the Code provides that " every sale or contract for the sale of goods or chattels, wherein the title is reserved until the same be paid for in whole or in part, or the transfer of the title is made to depend on any condition, and possession be delivered to the vendee, shall be void as to creditors of, and purchasers for value without notice from, such vendee, unless such sale or contract be evidenced by writing executed by the vendor, in which the said reservation or condition is expressed, and until and except from the time the said writing is duly admitted to record in the county or corporation in which said goods or chattels may be," etc.

And section 2500 provides that, except where otherwise provided, the court, or the clerk in his office, shall admit to record any writing which is to be or may be recorded as to any person

whose name is signed thereto, " when it shall have been acknowledged by him or proved by two witnesses as to him in such court,.or before such clerk in his office."

In the present case the contract in question was not acknowledged by the parties, or either of them, nor proved by witnesses, as the answer states.   The appellant, however, contends that it was the duty of the clerk to docket a memorandum of the contract without such acknowledgment or proof; and this contention is based upon the recent statute amending section 2462 of the Code.

. That statute requires the contract in a case like the present to be in writing and to be executed by both vendor and *vendee*, and provides further that it shall be void, &c., " until and except from the time that a memorandum of said writing, setting forth the date thereof, the amount due thereon, and a brief description of said goods and chattels, be docketed " in the clerk's office.   .The clerk is required to " docket and index the same from the original contract   *   *   *   and to endorse on such contract the words ·'memorandum docketed,' " for which services he may charge not exceeding twenty-five cents; and then it is provided that "the docketing and indexing of such memorandum   *   *   *   shall have the same effect   *   *   * as if said contract were recorded according to the provisions of chapter 109 of the Code."   Acts 1889–'90, p. 108.

The point made by the appellant is that inasmuch as this statute authorizes the docketing of a memorandum, and does away with the necessity of recording the contract itself, section 2500 of the Code has no application to the case, as that section applies only where *a writing* is to be *recorded.*

There is undoubtedly a technical distinction between recording a writing and docketing a memorandum of such writing. In the latter case a brief abstract of the writing is recorded, while in the former the writing, as in the case of an ordinary deed, is inscribed in full.   But the question here is, What was the intention of the legislature?   As the clerk is to docket

and index the memorandum from the original contract, how is the contract to be authenticated? And as both vendor and vendee must execute the contract, could the legislature have intended to require the clerk to docket a memorandum as to both parties upon the verbal request of either, without other evidence of the authenticity of the contract? We think not.

Docketing a memorandum is made a substitute for recording the contract in full, but not a necessary one, as the contract may still be recorded as before the passage of the amendatory statute. This is deducible from the provision that the docketing and indexing of a memorandum shall have the same effect as if the contract were recorded under chapter 109; and to record the contract it must be acknowledged or proved as required by section 2500; and as the production of the contract is now the foundation for the docketing of the memorandum, the true interpretation, in the absence of a clear legislative intent to the contrary, would seem to be that the contract, when produced for that purpose, must be authenticated in the same manner as when produced for recordation.

No doubt the object of the legislature was to save expense to the parties by allowing an abstract of the contract to be recorded in place of the contract itself; and as the abstract or memorandum is to be made from the original contract, the docketing of a memorandum is the recording of the substance of the contract, and, therefore, the recording of a writing within the meaning of the law.

The judgment of the lower court, being in conformity with these views, must be affirmed.

JUDGMENT AFFIRMED.